IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATE OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-20007 |
| ) | |
| **AARON HARRIS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Aaron Harris is currently serving a 151-month prison sentence. His case is before the court on his motion to reduce his sentence (Doc. 114). For the reasons discussed below, this motion is denied.

**BACKGROUND**

In 2007, Mr. Harris pleaded guilty to conspiracy to distribute or possess with the intent to distribute more than fifty grams of cocaine base. The Presentence Investigation Report (PSR) filed with the court attributed to Mr. Harris more than 1.5 kilograms of cocaine base. Thus, according to the PSR, his base offense level was 36. Mr. Harris, however, objected to the amount of drugs included as relevant conduct. The court sustained his objection, applied a two-level enhancement for his

aggravated role in the offense, and reduced his offense level for acceptance of responsibility. Mr. Harris had a total offense level of 35.

To determine Mr. Harris's criminal history category, the PSR assessed points for two prior convictions, including a misdemeanor conviction for possession of marijuana, for which Mr. Harris paid a fine of $200, and a felony conviction for possession of a controlled drug, for which Mr. Harris was sentenced to two years deferred, and a fine and costs of $1760.50. The PSR also identified nine other criminal and traffic convictions that were not assessed any points. These prior convictions placed Mr. Harris in criminal history category II. Mr. Harris did not object to this calculation.

On May 2, 2008, Mr. Harris was sentenced to 151 months in prison followed by five years of supervised release. He now argues that his criminal history category points were calculated improperly.

## DISCUSSION

Mr. Harris requests that this court reduce his sentence and correct his criminal history points based on Amendment 709 to the sentencing guidelines, which took effect on November 1, 2007, before he was sentenced. The relevant provision of Amendment 709 changed the wording of § 4A1.2(c) of the sentencing guidelines. Section 4A1.2 provides definitions and instructions for calculating criminal history

points. It provides that all prior felony offenses are counted toward a defendant's criminal history category. U.S.S.G. § 4A1.2(c). Additionally,

> [s]entences for misdemeanor and petty offenses are counted, except as follows: (1) Sentences for the following prior offenses and offenses similar to them . . . are counted only if . . . the sentence was a term of probation of *more than* one year or a term of imprisonment of at least thirty days . . . .

*Id.* (emphasis added). Amendment 709 inserted the bold language above and deleted the previous wording that said "term of probation of *at least* one year." U.S.S.G. app. C Supp. Amend. 709 (emphasis added). Mr. Harris argues that under § 4A1.2(c) as amended, he should not have received any criminal history points for the misdemeanor possession of marijuana conviction.

**I.     Waiver**

Mr. Harris's plea agreement included a waiver of appeal or collateral attack. Specifically, Mr. Harris

> waives any right to challenge his conviction and/or sentence or otherwise attempt to modify or change his sentence or the manner which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255], a motion brought under [18 U.S.C. § 3582(c)(2),] and a motion brought under Fed. Rule of Civ. Pro 60(b).

Mr. Harris's motion provides no reason why that waiver should not now be enforced. *See, e.g.*, *United States v. Cockerham*, 237 F.3d 1179, 1181-82 (10th Cir. 2001) (concluding that a waiver of the right to appeal and to collaterally attack a judgment or sentence are valid and enforceable).

**II.     Merits**

Even assuming this court were willing to allow Mr. Harris's motion to reduce his sentence, he would not be successful. The plain language of § 4A1.2(c)(1) makes it clear that his current challenges to the calculation of his criminal history points are meritless.

As noted, § 4A1.2(c) excludes from the calculation a specified list of offenses depending on the precise sentence the defendant received. Mr. Harris argues that the conviction for misdemeanor marijuana possession, for which he paid a $200 fine, should not have been counted.

The general rule of § 4A1.2(c) is that convictions for misdemeanor and petty offenses are counted for purposes of calculating a defendant's criminal history category. Section 4A1.2(c)(1) provides an exception: the specific offenses listed in § 4A1.2(c)(1) and offenses similar to them are only counted if, as relevant here, the sentence was a term of probation for more than one year. The offenses listed include: careless or reckless driving, contempt of court, disorderly conduct or disturbing the peace, driving without a license or with a revoked or suspended license, false information to a police officer, gambling, hindering or failure to obey a police officer, insufficient funds check, leaving the scene of an accident, non-support, prostitution, resisting arrest, and trespassing. § 4A.12(c)(1).

The prior conviction Mr. Harris is challenging is not any one of these offenses. As such, it was properly counted toward his criminal history category.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for reduction of sentence (Doc. 114) is denied.

**IT IS SO ORDERED** this 6th day of February, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
