IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20007 |
| ) | |
| AARON HARRIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Aaron Harris is currently serving a 151-month prison sentence. His case is before the court on his motion to reconsider this court's refusal to reduce his sentence (doc. 129). Mr. Harris has also filed a motion to waive the fines and fees imposed as part of his sentence until after he is released from prison (doc. 137). For the reasons discussed below, these motions are denied.

**1.    Background**

In 2007, Mr. Harris pleaded guilty to conspiracy to distribute or possess with the intent to distribute more than fifty grams of cocaine base. The Presentence Investigation Report (PSR) filed with the court attributed to Mr. Harris more than 1.5 kilograms of cocaine base. Thus, according to the PSR, his base offense level was 36. Mr. Harris, however, objected to the amount of drugs included as relevant conduct. The court sustained his objection, applied a two-level enhancement for his

aggravated role in the offense, and reduced his offense level for acceptance of responsibility. Mr. Harris had a total offense level of 35.

To determine Mr. Harris's criminal history category, the PSR assessed points for two prior convictions, including a misdemeanor conviction for possession of marijuana, for which Mr. Harris paid a fine of $200, and a felony conviction for possession of a controlled drug, for which Mr. Harris was sentenced to two years deferred, and a fine and costs of $1760.50. The PSR also identified nine other criminal and traffic convictions that were not assessed any points. These prior convictions placed Mr. Harris in criminal history category II. Mr. Harris did not object to this calculation.

On May 2, 2008, Mr. Harris was sentenced to 151 months in prison followed by five years of supervised release. He previously filed a motion to reduce his sentence and correct his criminal history points based on Amendment 709 to the sentencing guidelines (doc. 114). That motion was denied (doc. 126).

He has now filed a motion to reconsider, reasserting his arguments about Amendment 709. He also filed a separate motion asking that this court modify his sentence by waiving all fines and fees until he is released from custody.

**2.   Discussion**

As this court noted in its previous order, Mr. Harris's plea agreement included a waiver of appeal or collateral attack. Specifically, Mr. Harris

> waives any right to challenge his conviction and/or sentence or otherwise attempt to modify or change his sentence or the manner which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255], a motion brought under [18 U.S.C. § 3582(c)(2),] and a motion brought under Fed. Rule of Civ. Pro 60(b).

This waiver applies both to Mr. Harris's request for a reduced sentence and his motion to waive all fees and fines until he is released from custody. Neither of his motions, however, provide any reason why that waiver should not again be enforced. *See, e.g.*, *United States v. Cockerham*, 237 F.3d 1179, 1181-82 (10th Cir. 2001) (concluding that a waiver of the right to appeal and to collaterally attack a judgment or sentence are valid and enforceable).

Moreover, even if this court were to allow Mr. Harris's motion to reconsider, it would not grant the relief he seeks. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* at 1012. It is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id.* Mr. Harris has identified no reason for this court to alter its prior ruling. Indeed, as explained in the earlier order, "[t]he plain language of § 4A1.2(c)(1) makes it clear that his current challenges to the calculation of his criminal history points are meritless."

And finally, to the extent Mr. Harris's motion to waive fees challenges the Bureau of Prisons policies for withdrawing money from his inmate account, he should pursue that claim through the BOP's administrative procedures.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to reconsider (doc. 129) and his motion to have fines and fees waived (doc. 137) are denied.

**IT IS SO ORDERED** this 6th day of October, 2009.

>                s/ John W. Lungstrum
>                John W. Lungstrum
>                United States District Judge