# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                              |   |                    |
|------------------------------|---|--------------------|
| UNITED STATES OF AMERICA,    | ) |                    |
|                              | ) |                    |
| Plaintiff,                   | ) |                    |
|                              | ) |                    |
| v.                           | ) | Case No. 07-20007  |
|                              | ) |                    |
| AARON HARRIS,                | ) |                    |
|                              | ) |                    |
| Defendant.                   | ) |                    |

## MEMORANDUM AND ORDER

Aaron Harris is currently serving a 151-month prison sentence. His case is before the court on his motion to reduce his sentence (doc. 143). For the reasons discussed below, this motion is denied.

**1.    Background**

In 2007, Mr. Harris pleaded guilty to conspiracy to distribute or possess with the intent to distribute more than fifty grams of cocaine base. The Presentence Investigation Report (PSR) filed with the court attributed to Mr. Harris more than 1.5 kilograms of cocaine base. Thus, according to the PSR, his base offense level was 36. Mr. Harris, however, objected to the amount of drugs included as relevant conduct. The court sustained his objection, applied a two-level enhancement for his aggravated role in the offense, and reduced his offense level for acceptance of responsibility. Mr. Harris had a total offense level of 33.

To determine Mr. Harris's criminal history category, the PSR assessed points for two prior convictions, including a misdemeanor conviction for possession of marijuana, for which Mr. Harris paid a fine of $200, and a felony conviction for possession of a controlled drug, for which Mr. Harris was sentenced to two years deferred, and a fine and costs of $1760.50. The PSR also identified nine other criminal and traffic convictions that were not assessed any points. These prior convictions placed Mr. Harris in criminal history category II. Mr. Harris did not object to this calculation.

On May 2, 2008, Mr. Harris was sentenced to 151 months in prison followed by five years of supervised release. He filed a motion to reduce his sentence and correct his criminal history points based on Amendment 709 to the sentencing guidelines (doc. 114). That motion was denied (doc. 126). Mr. Harris then filed a motion to reconsider this court's refusal to reduce his sentence (doc. 129) and motion to waive the fines and fees imposed as part of his sentence until after he is released from prison (doc. 137). These motions were denied (doc. 141). He has now filed a motion to recalculate his criminal history points and reduce his sentence under 18 USC § 3582(c)(2).

**2.  Discussion**

Mr. Harris requests that this court correct his criminal history points as calculated pursuant to § 4A1.2 of the Sentencing Guidelines. U.S.S.G. § 4A1.2.

2

Section 4A1.2 provides definitions and instructions for calculating criminal history points. It states that any prior sentence imposed within ten years of the defendant's commencement of the instant offense is counted towards a defendant's criminal history category. U.S.S.G. § 4A1.2(e). Mr. Harris argues that he should not have received any criminal history points for the 1996 possession of marijuana conviction.

Mr. Harris also suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c)(2), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). He requests that this court reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which modified base offense levels for cocaine base in the Drug Quantity Table of § 2D1.1. U.S.S.G. app. C Supp. Amend. 706.

Finally, Mr. Harris requests that this court divert from the Sentencing Guidelines and reduce his sentence under the authority of *Spears v. United States*, 129 S. Ct. 840 (2009), which permits a district court to vary from the crack/powder Sentencing Guidelines and substitute its own ratio. He suggests *Spears* is new law and therefore an appropriate basis to prevail over the plea agreement waiver of his right to file motions under 18 U.S.C. § 3582(c)(2).

### A. *Waiver*

3

As this court noted in its previous order, Mr. Harris's plea agreement included a waiver of appeal or collateral attack. Specifically, Mr. Harris

> waives any right to challenge his conviction and/or sentence or otherwise attempt to modify or change his sentence or the manner which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255], a motion brought under [18 U.S.C. § 3582(c)(2),] and a motion brought under Fed. Rule of Civ. Pro 60(b).

Mr. Harris's motion provides no reason why that waiver should not again be enforced. *See, e.g.*, *United States v. Cockerham*, 237 F.3d 1179, 1181-82 (10th Cir. 2001) (concluding that a waiver of the right to appeal and to collaterally attack a judgment or sentence are valid and enforceable). Neither does *Spears* provide Mr. Harris with a means to bypass the waiver in his plea agreement. *Spears* has no impact on a district court's authority to reduce a defendant's sentence under 28 U.S.C. § 3582(c)(2), nor does it overrule any prior precedent interpreting § 3582(c)(2). *See United States v. McDaniel*, 330 Fed. Appx. 759, 761-62 (10th Cir. 2009).

### *B. Merits*

Even assuming this court were willing to allow Mr. Harris's motion to reduce his sentence, he would not be successful. First, Mr. Harris's prior misdemeanor possession conviction was appropriately calculated as part of his criminal history points. The 1996 sentence for possession of marijuana was within the ten year time limit as set forth in U.S.S.G. § 4A1.2(e). Section 4A1.2(e) requires that any prior

4

sentence be counted towards a defendant's criminal history so long as the sentence was imposed within ten years of the commencement of the instant offense. Commencement of the instant offense includes any relevant conduct. *See Note 8,* U.S.S.G. § 4A1.2. Mr. Harris's conduct relating to the present offense began no later than July 29, 2004, and as such, his prior sentence falls within the ten year limit and was appropriately counted towards his criminal history.

Furthermore, Amendment 706 took effect on November 1, 2007, before Mr. Harris was sentenced. As such, he has already received the benefit of the reduced offense level for cocaine base offenses. While a district court, under *Spears,* has discretion to vary from the sentencing guidelines, no circumstances exist here to suggest that this court should vary from the sentence recommended by the amended guidelines.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to reduce his sentence (doc. 143) is denied.

**IT IS SO ORDERED** this 8th day of September, 2010.


                                             s/ John W. Lungstrum
                                             John W. Lungstrum

United States District Judge